**In the Matter of the Application of Doyle DEEL and Kathleen Deel, as Wife and Next of Kin of Doyle Deel, Plaintiff,**

v.

**SYRACUSE VETERANS ADMINISTRATION MEDICAL CENTER, Defendant.**

**No. 90–CV–80.**

United States District Court, N.D. New York.

Jan. 24, 1990.

**232**

Germain & Germain, Syracuse, N.Y., for plaintiff; Paul Germain, John J. Marzocchi, of counsel.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., for defendant; William Larkin, Asst. U.S. Atty., of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

### BACKGROUND

This court issued an order to show cause on January 22, 1990, directing the Syracuse Veterans Administration Medical Center ("VA") to show cause why an order should not be made directing the VA to remove Mr. Doyle Deel from a mechanical respirator.[1] The parties appeared before this court on January 23, 1990, and the court received testimony on this issue.

In 1987, Mr. Deel developed a bone marrow failure known as aplastic anemia, and received a bone marrow transplant from his brother as donor, at a Veterans Administration hospital in Seattle, Washington.

Subsequent to that procedure, Mr. Deel developed "graft-versus-host" disease, in which the cells of the donor's bone marrow attack the body of the recipient. As a direct result of this complication, Mr. Deel developed bronchiolitis obliterans, a degenerative respiratory ailment which sometimes causes lung failure.

Mr. Deel is currently a patient in the medical intensive care unit at the VA in Syracuse, where his breathing has been artificially supported by a mechanical respirator since October 1989. According to affidavits signed by Mr. Deel; his wife, Kathleen Deel; one of his treating physicians, Stephen Landaw; and his attorney, John Marzocchi, Mr. Deel wishes for the use of artificial respiration to be discontinued. Disconnecting the mechanical respirator may possibly result in Mr. Deel's death, according to the testimony of Dr. Landaw. Dr. Landaw states in his affidavit that Mr. Deel is fully mentally competent to make this decision, and has done so with knowledge of the likely consequences. Mr. Deel states in his affidavit that:

> I no longer wish to have the mechanical respirator attached to my body. I wish for the mechanical respirator to be removed from my body and that I be allowed to breathe on my own will. If I am unable to breathe without the respirator I would prefer to die and not have the respirator re-attached to my body.... I make this application to the Court of my own free will with full awareness of the possible results of removing me from the mechanical respirator.

---

1. The court's authority to issue such an order is contained either in the All Writs Act, 28 U.S.C. § 1651, or the Administrative Procedure Act, 5 U.S.C. §§ 706(1) and (2). *Tune v. Walter Reed Army Medical Hosp.*, 602 F.Supp. 1452, 1452 n. 1 (D.D.C.1985). Title 28, U.S.C. § 1651 states, in pertinent part:

   (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law....

   Title 5, U.S.C. § 706, titled "Scope of Review," provides, in pertinent part:

   To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

   (1) compel agency action unlawfully withheld or unreasonably delayed; and

   (2) hold unlawful and set aside agency action, findings, and conclusions found to be

   ...

   (B) contrary to constitutional right, power, privilege, or immunity....

Mrs. Deel states in her affidavit and testified before the court that she has communicated with Mr. Deel, and he has expressed his wish to her that the mechanical respirator be removed. Mrs. Deel also consents to discontinuing the artificial respiration. In addition, Dr. Landaw states that he is in support of Mr. Deel's decision. Mr. Deel also has three sons, ages 19, 17, and 11. The eldest son, Doyle Deel, testified that he is in support of his father's decision.

Mr. Deel has signed a "Do Not Resuscitate Order" containing a specific directive that he is not to be reconnected if he is removed from the mechanical respirator. The VA has refused to remove Mr. Deel from the respirator, but apparently would have no objection if it were ordered by the court.

## DISCUSSION

The government has a recognized interest in the preservation of life, and thus has a right, and perhaps a duty, to provide available life-sustaining medical treatment. *Gray by Gray v. Romeo,* 697 F.Supp. 580 (D.R.I.1988). Thus, the question presented is whether a person has a constitutional right to refuse such treatment which would outweigh the government's interest. *Id.* at 584.

The U.S. Supreme Court has never confronted the issue of whether a person may refuse or discontinue life-sustaining treatment if the discontinuance may result in death. The Supreme Court has, however, articulated a principle of self-determination that encompasses the right of an individual to control his or her own body, subject to certain governmental interests. *See, e.g., Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (abortion); *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (contraceptives). The Court also recognized long ago the right of an individual to control medical decisions affecting his or her body. In 1891 the Supreme Court held that a court could not order a plaintiff to submit to a surgical examination, stating that:

[n]o right is held more sacred, or is more carefully guarded by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law.

*Union Pac. Ry. Co. v. Botsford,* 141 U.S. 250, 251, 11 S.Ct. 1000, 1001, 35 L.Ed. 734 (1891).

Although the Supreme Court has not addressed the question, it is now generally accepted in the lower courts that a person has a constitutional right, whether termed as a liberty interest protected by the Due Process Clause, or an aspect of the right to privacy contained in the notions of personal freedom which underwrote the Bill of Rights, to refuse or discontinue life-sustaining medical treatment. *See Gray by Gray,* 697 F.Supp. at 586; *Tune v. Walter Reed Army Medical Hospital,* 602 F.Supp. 1452, 1454 (D.D.C.1985); *see also In the Matter of Westchester County Medical Center,* 72 N.Y.2d 517, 534 N.Y.S.2d 886, 531 N.E.2d 607 (1988). As the court stated in *Tune,* a person "has a paramount right to control the disposition to be made of his or her body, absent a compelling countervailing governmental interest," even if the decision results in that person's death. *Tune,* 602 F.Supp. at 1454. In *Tune,* the court ordered, in accordance with the patient's wishes, the removal of her life-support system, although the action would almost certainly result in her death. *Id.* at 1456. Mr. Deel has the same right to refuse medical treatment.

The right to refuse life-sustaining medical treatment is not absolute, however, and must be weighed against competing governmental interests. *Gray by Gray,* 697 F.Supp. at 588; *Tune,* 602 F.Supp. at 1455. As the government did in *Tune,* the VA here has "compassionately refrained" from urging any governmental interest underlying its decision to continue mechanical respiration absent an order from the court to cease. Nevertheless, the state interests which must be considered in this type of case include the preservation of life, the prevention of suicide, the protection of innocent third parties, and the integrity of

medical ethics. *Gray by Gray*, 697 F.Supp. at 588. Upon review, Mr. Deel's right to self-determination outweighs any countervailing government interest.

The preservation of life is, of course, the most significant of these interests. However, the state's duty to preserve life must also encompass a recognition of the individual's right to make decisions regarding the quality of his life. As the court stated in *Tune:*

> while the preservation of life in the abstract is no doubt a transcendent goal for any society which values human life, the state's interest in maintaining life must defer to the right to refuse treatment of a competent, emotionally stable, but terminally ill adult whose death is imminent and who is, therefore, the best, indeed, the only, true judge of how such life as remains to him may best be spent.

*Id.* at 1456.

The other implicated state interests do not override Mr. Deel's right to self-determination. The state interest in preventing suicide is not an issue because "there is an obvious distinction between deliberately ending a life by artificial means and allowing nature to take its course." *Gray by Gray*, 697 F.Supp. at 589. The cause of Mr. Deel's death, if it were to occur upon removal of artificial respiration, would be the natural underlying disease, not a self-inflicted injury. *See In re Conroy*, 98 N.J. 321, 351, 486 A.2d 1209, 1224 (1985).

The state's interest in protection of innocent third parties "is generally limited to situations in which the interests of the patient's dependents may be adversely affected." *Tune*, 602 F.Supp. at 1455 n. 8. The rights of Mr. Deel's family will not be adversely affected by allowing him to exercise his right to refuse medical treatment, as they have sought and endorsed that right. *See Gray by Gray*, 697 F.Supp. at 589.

Finally, the consideration of the integrity of the medical profession does not present a compelling justification to refuse Mr. Deel's wishes. Medical ethics incorporates the principle that it is the patient, and not the physician, who ultimately decides what the course of care should be, including whether treatment is to be given at all. *Canterbury v. Spence*, 464 F.2d 772 (D.C. Cir.), *cert. denied*, 409 U.S. 1064, 93 S.Ct. 560, 34 L.Ed.2d 518 (1972); *Gray by Gray*, 697 F.Supp. at 589.

The VA has apparently refused to remove the mechanical respirator from Mr. Deel because of its concern for its own potential liability and to ensure that proper consideration is given to Mr. Deel's circumstances before his request to have the life-support system removed is granted. The VA's former concern is understandable, and the latter is commendable, but the court notes here that the VA need not obtain a court order to accede to Mr. Deel's wishes. His right to refuse the continuation of life-sustaining medical treatment is well-recognized, and the VA or any other medical facility may grant such a request if it is satisfied that the patient is mentally competent and fully understands the consequences of his or her decision.

Accordingly, in recognition of Mr. Deel's right to determine whether life-sustaining medical treatment should be continued, and respecting his wish to cease such treatment, the court directs that artificial respiration on Mr. Deel be discontinued.

IT IS SO ORDERED.